UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Action No. 5:16-cv-380-JMH |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| THOMAS NUGENT, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*\*

### I. INTRODUCTION

This matter is before the Court upon Defendant Thomas Nugent's Motions to Strike [DE 15; 16]. Nugent wishes to strike two pieces of evidence from the record that Plaintiff United States attached to its Motion for Summary Judgment: (1) the declaration of Internal Revenue Service ("IRS") Officer Glenda Granville and (2) IRS account transcripts. [*Id*.]. Plaintiff has responded to Defendant's motion. [DE 21]. It is now fully briefed and ripe for the Court's review. For the reasons stated herein, **IT IS ORDERED** that Nugent's Motions to Strike are **DENIED**. However, this Court **ORDERS** that discovery for the sole purpose of Defendant taking the deposition of Revenue Officer Glenda Granville be open for 30 days.

### II. FACTUAL AND PROCEDURAL BACKGROUND

1

Between 2006 and 2008, delegates of the Secretary of the Treasury made assessments of more than $230,000 against Thomas Nugent for unpaid federal income taxes for tax years 2003 through 2007. [DE 1, p. 2, ¶5]. When combined with interest and penalties, the total amount the Government seeks to recover is $496,499. [DE 1, p. 2, ¶8]. The United States filed this action on October 5, 2016 to reduce Nugent's federal tax assessments to judgment. [DE 1]. In his answer, Nugent denied he owes the amount sought by the Government, although he admits he has some tax liability. [DE 5, p. 1, ¶6].

After Nugent filed his answer, this Court held a hearing and set a truncated discovery period. [DE 7; 8]. In April, the parties filed a Joint Motion for Extension of Time to Complete Discovery for the purpose of taking the depositions of Nugent and accountant Williams P. Farmer, Jr. [DE 9]. The Court granted the motion. [DE 10]. The parties did not exchange initial disclosures. [DE 21, p. 5, n. 3]. The Government supplied Nugent with copies of the account transcripts during discovery. [*Id.*, p. 5]. Nugent used the transcripts in his Motion for Judgment on the Pleadings. [DE 12-4; 12-5]. The Government also informed Nugent that a witness would testify to explain the account transcripts. [DE 21, p. 5]. Nothing in the Record indicates Nugent ever asked for the witness's name or information.

Months later, and after the United States moved for summary judgment, Nugent filed his Motion to Strike the declaration of that witness testifying about the transcripts—Revenue Officer Glenda Granville. [DE 15]. Nugent has also filed a motion to strike the transcripts themselves. [DE 16]. Specifically, Nugent asks this court to strike the transcripts because they are not authenticated under Fed. R. Evid. 902(1). [*Id*.]. He asks this Court to strike the Granville declaration on two theories: (1) under 56(d) because he did not have an opportunity to depose Granville since the Government failed to turn over her information during discovery; and (2) under 56(c)(4) because Granville's statements are not based on personal knowledge. [DE 15]. The Court now considers both motions, and each argument raised therein, in turn.

### III. ANALYSIS

**A. Standard of Review**

(i) Motion to Strike Account Transcripts

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Evidence that is not authenticated is not admissible. Fed. R. Evid. 901. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce sufficient evidence to

support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

The standard under Rule 56(c)(2) "is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be." *Farnhurst, LLC v. City of Macedonia*, No. 5:13-cv-668, 2016 WL 524361, at *2 (N.D. Ohio Feb. 10, 2016) (citing *Foreward Magazine, Inc. v. OverDrive Inc.*, No. 1:10-cv-1144, 2011 WL 5169384 at *2 (W.D. Mich. Oct. 31, 2011)). "The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike." *Id.* (quoting Fed. R. Civ. P. 56 (2010 Advisory Committee comments)).

(ii)  Motion to Strike Granville Declaration

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Evidence not based on personal knowledge "may be disregarded on Summary Judgment." *Lloyd v. Midland Funding, LLC*, 639 Fed App'x 301, 304 (6th. Cir. 2016). This rule "limits the matter to be properly included in an affidavit to facts, and the facts introduced must be alleged on personal knowledge." *Ondo v.*

4

*City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (quoting 10B Wright, Miller & Kane, *Federal Practice and Procedure* § 2738, at 345-46 (3d ed.1998)).

After a party files a motion for summary judgment, the opposing party may make a motion under Rule 56(d). To receive relief under Rule 56(d), the nonmovant must "show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). If the nonmovant makes such a showing, the Court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." *Id*. "Mere speculation that there is some relevant evidence not yet discovered will never suffice." *Saulsberry v. Fed. Exp. Corp*, 552 Fed. App'x 424, 427-28 (6th Cir. 2014) (quoting 11 Moore, et all, *Moore's Federal Practice* § 56.102[2](2012)).

**B.** *Account Transcripts*

Nugent argues that the Government has not authenticated the account transcripts because the transcripts do not satisfy Federal Rule of Evidence 902(1). [DE 16, p. 1]. Rule 902 lists items of evidence considered self-authenticating; that is, they require no extrinsic evidence to establish authenticity. Fed. R. Evid. 902. Under 902(1), documents signed and under seal of the United States

5

are considered self-authenticated. Because the Government has failed to submit the transcripts under seal, Nugent argues they are not authenticated and thus not admissible. [DE 16, p. 1].

Nugent is correct that the Government has not met 902(1). But Nugent is incorrect that the Government *must* satisfy 902(1). While that rule offers one route to authenticate documents, it is by no means exclusive. Indeed, the Government never argues that the transcripts are authenticated under 902(1). Instead, the Government attempts to authenticate the transcripts as business records. [DE 21, p. 6].

Evidence may be admissible as a business record even if it would otherwise be hearsay. Fed. R. Evid. 803(6). Under Rule 803(6), a proponent may admit documents as business records if: "(A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conduct activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity." Fed. R. Evid. 803(6)(A)-(C). The proponent must show all of these conditions through a "custodian or another qualified witness." Fed. R. Evid. 803(6)(D). This Circuit has explained that the party offering evidence under 803(6) must satisfy four requirements: "(1) it was made in the course of regularly conducted

business activities; (2) it was kept in the regular course of business; (3) the regular practice of that business must have been to have made the [document]; and (4) the document was made by a person with knowledge of the transaction or from information transmitted by a person with knowledge." *United States v. Nixon*, 694 F.3d 623, 634 (6th Cir. 2012) (quoting *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 588 (6th Cir. 2009)).

Thus, for the transcripts to be admissible under 803(6), Granville must (1) be a qualified witness under 803(6)(D); and (2) establish the factors outlined in 803(6)(A)-(C). We first consider whether Granville meets the requirements of a "qualified witness."

"[T]he meaning of another qualified witness should be given the broadest interpretation." *United States v. Collins*, 799 F.3d 554, 582 (6th Cir. 2015); *United States v. Baker*, 458 F.3d 513, 518 (6th Cir. 2006) ("The phrase other qualified witness is given a very broad interpretation."). "The only requirement is that the witness be familiar with the record keeping system." *Collins*, 799 F.3d at 582; *Dyno Constr. Co. v. McWane, Inc.*, 198 F.3d 567, 575-76 (6th Cir. 1999). "The qualifying witness does not need to have any personal knowledge of the records' preparation." *Collins*, 799 F.3d at 582; *United States v. Salgado*, 250 F.3d 438, 452 (6th Cir. 2001). Witnesses who testify that they are familiar with records through training and experience and that they commonly deal with

the records at issue will qualify under 803(6)(D). *See United States v. Jenkins*, 345 F.3d 928, 936 (6th Cir. 2003).

Granville is a qualified witness. She has worked for the IRS for more than three decades. [DE 13-2, p. 3, ¶8]. As a revenue officer, she is familiar with and has access to account transcripts. [*Id.*, p. 1, ¶3]. Granville explains the information listed in the transcripts and how the IRS maintains the transcripts. [*Id.*, p. 1-2, ¶¶ 3-4]. Granville plainly is "familiar with the record keeping system" for account transcripts at the IRS. *See Collins*, 799 F.3d at 582. This meets 803(6)(D)'s standard.

As a qualified witness, Granville must also satisfy the other requirements in Rule 803(6). Her declaration makes clear that account transcripts are "maintained in the regular course of business . . . as part of the performance of our official duties at the Service." [DE 13-2, p. 1, ¶3]. These statements establish that the transcripts meet 803(6)(B) and (C).

As for 803(6)(A), the Government must establish that the transcripts were "made at or near the time by – or from information transmitted by – someone with knowledge." The qualified witness herself need not have personal knowledge of the records' creation. *See Salgado*, 250 F.3d at 453; *Dyno*, 198 F.3d at 576. So long as the qualified witness understands the recordkeeping system and can testify that the 803(6) factors are met, the records are not

excludable. *See Dyno*, 198 F.3d at 576. This is true even when the witness does not "have personal knowledge of or personally participate in their creation, or even know who actually recorded the information." *Caudill v. Cavalry SPV I, LLC*, No. 14-32-ART, 2014 WL 4230811, at *4 (Aug. 25, 2014). In other words, to authenticate business records, the qualified witness need only be familiar with the recordkeeping practices and attest that the records at issue meet the 803(6) factors. *See United States v. Weinstock*, 153 F.3d 272, 276 (6th Cir. 1998); *In re Custodian of Records of Variety Distributing Inc.*, 927 F.2d 244, 248 (6th Cir. 1991).

Granville describes the account transcripts as "true and correct." [DE 13-2, p. 2, ¶5]. She explains how the IRS collects and maintains the transcripts. [*Id.*, p. 1-2, ¶¶3-4]. She describes how keeping account transcripts falls within the official duties of revenue officers. [*Id.*, p. 1, ¶ 3]. In short, her declaration establishes that the transcripts would have been made by a person with knowledge in the regular course of business. This satisfies 803(6)(A).

As business records, the account transcripts are authenticated under 901 through Granville. Nugent's motion to strike the account transcripts is thus **DENIED**.

C. *Granville Declaration*

Nugent objects to Granville's declaration and moves to strike based on two theories. First, he claims Granville does not have sufficient personal knowledge to meet Fed. R. Civ. P. 56(c)(4). [DE 15, p. 4-5]. Second, Nugent argues that because the United States did not reveal Granville's name, address, and telephone number during discovery, the Court must strike her declaration from the record. [*Id.*, p. 1].

Personal knowledge can derive from a review of business records. *See Dykhouse v. Hoffman*, 9 F.3d 107 (table), 1993 WL 424845, at *6 (6th Cir. Oct. 19, 1993) (personal knowledge satisfied because statements were "based upon her personal familiarity with the case and her review of the files"); *Farnhurst, LLC v. City of Macedonia*, NO. 5:13-cv-668, 2016 WL 524361, at *2 (N.D. Ohio Feb. 10, 2016) ("[F]acts based upon the affiant's review of relevant business records . . . does not offend the 'personal knowledge' requirement of Rule 56(c)(4)."); *Daniel v. West Asset Mgmt., Inc.*, No. 11-10034, 2011 WL 5142980, at *9 (E.D. Mich. Oct. 28, 2011) (holding that an affiant's review of business records satisfied Rule 56's personal knowledge requirement); *Orrand v. Keim Concrete Pumping, Inc*., NO 2:08-CV-1046, 2010 WL 3447647, at *8 (S.D. Ohio Aug. 30, 2010) ("an affiant may testify to acts that she did not personally observe but which are described in business records."); *Supplier's City SA De, CV v. EFTEC N. Am., LLC*, No. 07-12694, 2010 WL 538427, at *7 (E.D. Mich. Feb 10, 2010)

("Personal knowledge can come from review of the contents of business records"); *Kelecseny v. Chevron USA, Inc.*, NO. 08-61294-CIV-ALTONAGA, 2009 WL 10667062, at *6 (S.D. Fla. June 4, 2009) ("personal knowledge, as innumerable decisions from the federal courts make clear, may be gleaned from a review of records pertinent to a given case."); *AT & T Corp. v. Overdrive, Inc.*, No: 1:05-CV-1904, 2006 WL 3392746, at *2 (N.D. Ohio Nov. 21, 2006) ("Personal knowledge can come from review of the contents of business records"); *Washington Cent. R.R. Co., Inc. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1352-53 ("[b]ased on personal knowledge of the files and records, a declarant may testify to acts that she or he did not personally observe but which are described in the record."). Review of business records can supply personal knowledge "even if it were shown that [the affiant] did not have independent personal knowledge." *Stevenson v. Brennan*, No. 06-CV-15182, 2017 WL 714357, at *5 (E.D. Mich. Feb. 23, 2017).

Many courts have applied this general rule to an IRS employee's review of business records. *See Hunter v. United States*, No. 3:12-CV-144-CRS, 2013 WL 5934149, at *3 (W.D. Ky. Nov. 5, 2013) ("the personal knowledge required for a Fed. R. Civ. P. 56(c)(4) supporting affidavit may come from a review of files and records, such as those maintained in an IRS database."); *United States v. Rogers*, 558 F. Supp. 2d 774, 777-78 (N.D. Ohio 2008) ("IRS representatives are allowed to rely on official IRS records to

show the occurrence of events recorded therein" and those records can satisfy the personal knowledge requirement of Rule 56(c)(4)); *Tweedy v. United States*, No. CV90-346-N-MHW, 1992 WL 438014, at *7 (D. Idaho Oct. 15, 1992) (IRS employee's declaration was "based on his review of the official files of the Internal Revenue Service relating the [taxpayer's] federal tax liabilities . . . and thus meets the personal knowledge requirement" of Rule 56); *Vote v. United States*, 753 F. Supp. 866, 868 (D. Nev. 1990), *aff'd* , 930 F.2d 31 (9th Cir. 1991) (holding that an IRS officer's review of a taxpayer's records provided the officer with personal knowledge in his affidavit).

Granville has personal knowledge to satisfy Rule 56(c)(4). In the first place, she has worked on this case for two years and states in her declaration that she has personal knowledge of the facts in her statement. [DE 13-2, p. 1, ¶2]. Nugent argues that Granville's knowledge comes only from the account transcripts. But as the case law makes clear, Granville may use business records and still possess personal knowledge under Rule 56. *See, e.g.*, *Rogers*, 558 F. Supp. 2d at 777-78. Thus, any additional knowledge gleaned from her review of the relevant business records fits within the parameters of Rule 56(c)(4).

Nugent also invokes Rule 56(d) in arguing Granville's declaration should be stricken. [DE 16, p. 1]. Nugent does not

meet the Rule 56(d) standard for relief. The Rule requires that a nonmovant show by affidavit or declaration that it "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The affidavit attached to Nugent's motion comes from a former IRS and PricewaterhouseCoopers employee, Kathy Gale. [DE 16-1]. The affidavit merely states that the IRS sometimes gets calculations wrong; it does not show why Nugent cannot present facts essential to oppose the Government's motion. [*Id.*] Thus, Nugent has not satisfied Rule 56(d).

Finally, Nugent argues that the Court should strike Granville's declaration because the Government did not turn over Granville's name, address, and telephone number during discovery. [DE 15]. Under Rule 26(a)(1) a party must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(a)(i). Rule 37 allows district courts to exclude evidence when parties do not comply with this rule. Fed. R. Civ. P. 37(c)(1). A Court need not impose sanctions where the failure was substantially justified or harmless. *Id*.

Nugent argues that had the Government "disclosed that RO Granville was going to provide testimony to the Court in this matter, Mr. Nugent would have deposed her." [DE 15, p. 4]. Nugent

13

states that his deposition of Granville would have focused on her lack of personal knowledge in the case. [*Id.*]. As analyzed above, however, Granville does possess sufficient personal knowledge. Thus, the Court fails to see the harm Nugent suffered in not deposing Granville.

Moreover, after Nugent filed his answer in this case, the parties met for a hearing where the Court set a shortened discovery period of 90 days. [DE 8]. The parties decided not to exchange initial disclosures. [DE 21, p. 5, n. 3]. More than a month before discovery closed, the United States told Nugent that a witness would testify to explain the account transcripts. [*Id.*, p. 5]. That witness turned out to be Granville. Later, the parties filed a Joint Motion to Extend Discovery to complete depositions of two additional witnesses. [DE 9]. Nugent still did not seek to depose Granville at that time. Nothing suggests, and Nugent does not argue, that he served interrogatories or asked to depose Granville at any time. In other words, the Defendant failed time and again to secure testimony that he now argues is essential to his defense.

Nevertheless, the Court will allow the Defendant to depose Officer Granville within 30 days of this Order. After that time, Defendant will have 21 days to file a supplemental response to Plaintiff's Motion for Summary Judgment. [DE 13]. Plaintiff will then have 14 days to file a supplemental reply to Defendant's

response. All pending dispositive motions filed in this case will be held in abeyance pending the supplemental period.

### IV. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Defendant Thomas Nugent's Motion to Strike the IRS Account Transcripts [DE 16] is **DENIED**;

(2) Defendant Thomas Nugent's Motion to Strike the Declaration of Revenue Officer Glenda Granville [DE 15] is **DENIED;**

(3) Discovery for the sole purpose of Defendant taking the deposition of Revenue Officer Glenda Granville will close in 30 days. After Granville's deposition is taken, the Defendant shall have 21 days to file a supplemental response to Plaintiff's Motion for Summary Judgment. [DE 13]. Plaintiff shall then have 14 days to file a supplemental reply to Defendant's response.

This the 25 day of September, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge